**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**THELMA WILLIAMS, JR.,**
**ADC #93197**                                                                                                                    **PLAINTIFF**

V.                              No. 5:07CV00299 SWW-BD

**SHEILA HILL, et al.**                                                                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Partial Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.     **Background:**

Plaintiff Thelma Williams Jr., an Arkansas Department of Correction ("ADC") inmate, brings this suit under 42 U.S.C. § 1983.  In his complaint, Plaintiff alleges that his Eighth Amendment rights have been violated.  Specifically, Plaintiff claims that in October 2006, he went to sick call complaining of a cold and was provided a medication that caused an adverse reaction.  Plaintiff complains that the tablets that he was provided were "eating up" his body and his blood.  He alleges that Defendants first ignored his condition before providing him the "bad medicine" and then denied him treatment following the adverse reaction.  Plaintiff originally named as Defendants S. Hill, Ms. Green, J. Stell, and Wendy Kelley, in both their individual and official capacities.  The Court previously dismissed all claims against Defendant Kelley (#35).

Now pending is the remaining Defendants' motion for summary judgment (#120).  In the motion, Defendants argue that Plaintiff's claims fail as a matter of law.  The Court agrees.  For the following reasons, the Court finds that Defendants' motion (#120) should be GRANTED.

III.    **Discussion:**

A.      Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    <u>Deliberate Indifference Claim</u>

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234,

1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogation on other grounds recognized by *Reece v. Groose*, 60 F.3d 487, 492 (8th Cir. 1995) (quoting *Hill v. Dekalb Regional Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Therefore, the inmate "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (quoting *Hill*, 40 F.3d at 1188); see also *Jackson v. Hallazgo*, 30 Fed. Appx. 668 (8th Cir. Mar. 6, 2002) (unpub. per curiam) (citing *Coleman v. Rahija*, 114 F.3d at 778, 784 (8th Cir. 1997) ("[a]n inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs")); *O'Neal v. White*, 221 F.3d 1343, *1 (8th Cir. July 12, 2000) (unpub. per curiam) (citing *Crowley*, 109 F.3d at 502) (concluding that plaintiff's "failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim")).

Here, the undisputed evidence presented by Defendants shows that on October 11, 2006, Plaintiff submitted a sick call request when he began to suffer cold symptoms. On Thursday, October 18, 2006, Plaintiff was seen by Defendants in the infirmary. At that time, according to Plaintiff, Defendant Green provided him what is believed to be a "cold set up," which included Tylenol and Chlor-Trimeton, an antihistimine.[1] After Plaintiff finished taking the "cold set up," Plaintiff alleges that he began to suffer an adverse reaction to the medicine. However, rather than submit a sick call request, Plaintiff submitted a grievance and an affidavit. The grievance was not received by the infirmary until November 30, 2006, three days after Plaintiff was transferred to the Delta Regional Unit of the ADC. The Plaintiff's allegations fail to support a deliberate indifference claim as a matter of law.

As an initial matter, the Court is hesitant to say that Plaintiff suffered from a "serious medical need." A serious medical need is "one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene County*, 438 F.3d 845, 851 (8th Cir. 2005). Although Plaintiff complains that the medicine in question was "eating up" his body and blood, Plaintiff has failed to provide the Court any medical records indicating that he suffered any kind of allergic reaction to

---

[1] In their motion for summary judgment, Defendants contend that none of the Defendants provided Plaintiff the medicine at issue. However, Plaintiff identifies Defendant Green as the responsible party. Considering all evidence in the light most favorable to Plaintiff, the Court will assume that Defendant Green provided Plaintiff the medication in question.

the medication in question or that he was provided the wrong medication.  Plaintiff admits that other than the rash on his legs, he has not been treated for any medical emergency relating to the "bad medicine."  Moreover, on October 25, 2006, three days after Plaintiff allegedly began experiencing adverse reactions to the medication, he was evaluated by Nurse Vera Miller, and he denied having any problems with his health.

In addition, Plaintiff has not come forward with any evidence that his condition worsened as a result of any of the Defendants' failure to act.  Although Plaintiff claims that he suffered from an intermittent rash on his legs for 27 days, he has failed to provide any "verified medical evidence" to establish any detrimental effect of any alleged delay in treatment.  Further, Plaintiff's repeated assertion that he was denied lotion for the rash on his legs is the subject of another lawsuit brought by Plaintiff that has now been dismissed. See *Williams v. Cook*, United States District Court for the Eastern District of Arkansas, Case No. 5:07cv00300 JMM/HDY.

      C.     <u>Plaintiff's Response to the Motion for Summary Judgment</u>

In his response to Defendants' motion for summary judgment, Plaintiff repeatedly asserts that Defendants are lying and that they have submitted falsified documents to the Court.  However, Plaintiff may not rest upon mere allegations or denials of other parties' pleadings to survive a motion for summary judgment.  Rather, Plaintiff must set out specific facts showing a genuine issue for trial.  See FED. R. CIV. P. 56(e).  Here, Plaintiff has failed to do so.  Accordingly, Defendants are entitled to judgment as a matter of law.

## IV.  Conclusion:

The Court hereby recommends that Defendants' motion for summary judgment (#120) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

DATED this 23rd day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE